UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUAN MAGANA-GUZMAN,

    Petitioner/Defendant,

    v.

UNITED STATES OF AMERICA,

    Respondent/Plaintiff.

CASE NO.  CV17-1445RSL

(CR12-62RSL)

**ORDER**

THIS MATTER comes before the Court on Petitioner/Defendant's *pro se* motion for a reduction in sentence filed on September 22, 2017 (Dkt. 1).  In this motion, Juan Magana-Guzman, a federal inmate currently serving a 180-month sentence imposed in WDWA Criminal Case No. CR12-62RSL, seeks a reduction in his custodial term on the basis of Sentencing Guidelines Amendments 782 and 794.  He contends these amendments should be applied retroactively to his case, and that they authorize the Court to grant him a reduced sentence.

In order to be eligible for a retroactive reduction, Magana-Guzman must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment.  *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam).  Unless all criteria are met, a district court lacks jurisdiction to

reduce Magana-Guzman's sentence because courts do not have inherent authority to alter a sentence once imposed. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

A defendant who has been sentenced to the applicable mandatory minimum sentence for the offense of conviction is not eligible for a reduction in sentence. As the Ninth Circuit has observed, "[i]t is axiomatic that a statutory minimum sentence is mandatory" and not optional. *United States v. Sykes*, 658 F.3d 1140, 1147 (9th Cir. 2011).[1] Consistent with that fact, Section 5G1.1(c)(2) of the Guidelines states that a sentence "may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence." USSG § 5G1.1(c)(2). Therefore, where a defendant is subject to a mandatory minimum sentence, the sentence is never "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) (per curiam) (quoting 18 U.S.C. § 3582(c)(2)). As a result, a retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term. *Paulk*, 569 F.3d at 1095–96.

On April 24, 2013, Magana-Guzman entered guilty pleas to five counts:

| Count 1. | Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(A), and 846; |
| Count 2. | Conspiracy to Engage in Money Laundering, in violation of 18 U.S.C. §1956(h); |
| Count 3. | Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. §1951; |
| Count 4. | Conspiracy to Possess Firearms in Connection with a Drug Trafficking Offense, in violation of 18 U.S.C. §924(o); and |

---

[1] A defendant may only be sentenced below an applicable mandatory minimum term of imprisonment if, at the time of sentencing, he or she qualified for relief under the safety valve provision of 18 U.S.C. §§ 3553(e) or (f). Magana-Guzman did not qualify for safety valve relief under this provision.

Count 8.     Possession of a Firearm in Furtherance of a Drug Trafficking Offense,
            in violation of 18 U.S.C. § 924(c).

Count 1 carried a statutory mandatory minimum sentence of at least ten years' imprisonment, and Count 8 carried a statutory mandatory term of imprisonment of five years, which was required to be served consecutively to the underlying drug trafficking sentence. *See* PSR ¶ 97. As a result, by virtue of his guilty pleas, Magana-Guzman faced a combined mandatory sentence of not less than 180 months' imprisonment.

Magana-Guzman's applicable Sentencing Guidelines range was significantly higher. According to the Presentence Report, he was responsible for conspiring to distribute more than 30 kilograms of heroin and more than 1.5 kilograms of actual methamphetamine. PSR ¶ 52. This resulted in a base offense level of 38 for Count 1. PSR ¶ 58. The PSR assigned upward adjustments for: possession of eleven firearms (+2); importation of methamphetamine from Mexico (+2); money laundering (+2); and leadership role (+2). PSR ¶¶ 59-66. He was assigned a downward adjustment for acceptance of responsibility (-2). PSR ¶78. His total offense level as to Counts 1-4 was Level 44. PSR ¶ 79. At criminal history category I, Magana-Guzman's sentencing range for these four counts was "Life." PSR ¶ 98. The sentencing range for Count 8 was five years, consecutive to "Life." *Id.*

At the sentencing hearing on December 19, 2014, this Court adopted the Presentence Report without change. *See* Statement of Reasons Form ("SOR"), filed under seal, at 1. The Court then varied significantly below the applicable sentencing range on the basis of 18 U.S.C. § 3553(a) factors, and imposed the statutory mandatory minimum of 180 months' custody (120 months on Counts 1-4, plus 60 months consecutive on Count 8). *See* CR12-62RSL, Dkt. 1348 (*Judgment*).

Accordingly, Magana-Guzman is not eligible for a reduction in sentence based on Amendments 782 and 794[2], because his sentence was a mandatory minimum sentence, and

---

[2] Unlike Amendment 782, which was made retroactively applicable, Amendment 794 was not given retroactive effect for purposes of a § 3582 motion, as Amendment 794 is not listed among the covered amendments in USSG § 1B1.10(d).

1 | not a sentence based on the Sentencing Guidelines that was lowered by a retroactively
2 | applicable amendment to the Guidelines. As such, this Court lacks jurisdiction to reduce
3 | Defendant's sentence.

4 |     Defendant's motion to correct or reduce sentence, Dkt. 1, is DENIED.

5 |     Dated: November 13, 2017.

6 |

7 | ROBERT S. LASNIK
8 | United States District Judge

---

26 | Accordingly, the Court lacks authority to apply Amendment 794 retroactively to grant relief pursuant to § 3582(c)(2).
27 | See USSG § 1B1.10, cmt. n.1(A) ("a reduction in the defendant's term of imprisonment is not authorized under 18
U.S.C. 3582(c)(2) and is not consistent with this policy statement if [n]one of the amendments listed in subsection (d) is
28 | applicable to the defendant").