1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

UNITED STATES OF AMERICA,

Case No. CR12-62RSL

Plaintiff,

11

ORDER DENYING MOTION
FOR SENTENCE
REDUCTION

v.

12
JUAN MAGANA-GUZMAN,
13

Defendant.
14

15        This matter comes before the Court on defendant's *pro se* motion to reduce his sentence

16  pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Part B to the Sentencing Guidelines.

17
18  Dkts. # 1627, 1629, 1631. Having considered the motion, the Government's response (Dkt.

19  # 1635), and the record contained herein, the Court DENIES the motion and finds as follows:

20        **I.    Background**

21
22        Defendant is a 37-year-old inmate who is serving out the remainder of his prison term in

23  Mexico after having received a treaty transfer.[1] Dkts. # 1627 at 2–3, 1635 at 3; *See also Inmate*

24

25        _____

26        [1] Although defendant has been transferred to Mexican custody, this Court retains jurisdiction
over this proceeding under the Treaty Between the United States of America and the United Mexican
27  States on the Execution of Penal Sentences. Dkt. # 1635-1 at 10–11 (Article VI stating: "The
Transferring State shall have exclusive jurisdiction over any proceedings, regardless of their form,
28  intended to challenge, modify, or set aside sentences handed down by its courts.").

ORDER DENYING MOTION FOR
SENTENCE REDUCTION - 1

*Locator*, www.bop.gov/inmateloc (accessed Dec. 2, 2024). On April 23, 2013, defendant pleaded guilty to five offenses: conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; conspiracy to engage in money laundering in violation of 18 U.S.C. §§ 1956(h), (a)(1)(A)(i), (a)(1)(B)(i); conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951; conspiracy to possess firearms in furtherance of drug trafficking crimes and crimes of violence in violation of 18 U.S.C. § 924(o); and possession of firearms in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) and 2. Dkts. # 226, 850, 855.

On December 19, 2014, the Court sentenced defendant to a 180-month prison term and five years of supervised release. Dkt. # 1347. This sentence represented a downward variation from the maximum of a life term under the guidelines range. PSR ¶ 97. The sentence imposed by this Court was equivalent to the applicable mandatory minimums for all counts. Dkts. # 1348, 1635 at 3.

## II.    Discussion

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Here, defendant seeks modification of his prison term under a Congressionally enacted exception to that rule:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to

the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(2).

In November 2023, an amendment to the United States Sentencing Guidelines took effect that provides a two-offense-level reduction for certain defendants who have zero criminal history points. U.S.S.G. § 4C1.1. However, the two-offense-level reduction is only available to defendants who meet specific criteria, including the following: "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." *Id*. at (a)(7). Here, while defendant had zero criminal history points when he was sentenced, he also signed a plea agreement that states he knowingly possessed a firearm "in furtherance of the crime of Conspiracy to Distribute Controlled Substances." PSR ¶ 82, Dkt. # 855 at 3. Therefore, defendant is not eligible for the two-offense-level reduction. U.S.S.G. § 4C1.1(a)(7).

In addition, a defendant who has been sentenced at the statutory minimum is not entitled to a reduction of sentence under 18 U.S.C. § 3582(c)(2) based on the subsequent lowering of a sentencing range by the Sentencing Commission. *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009). Here, defendant was sentenced at the statutory minimum. Therefore, even if defendant qualified in all other respects, he would not be entitled to a reduction of his sentence based on the subsequently enacted provisions of U.S.S.G. § 4C1.1.

ORDER DENYING MOTION FOR
SENTENCE REDUCTION - 3

**III.    Conclusion**

For all the foregoing reasons, defendant's *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Part B to the Sentencing Guidelines (Dkts. # 1627, 1629, 1631) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of December, 2024.

*MM S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
SENTENCE REDUCTION - 4