UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN MAGANA-GUZMAN,<br><br>Defendant. | Case Nos. CR12-62RSL<br>C25-631RSL<br><br>ORDER DENYING<br>MOTIONS FOR POST-<br>CONVICTION RELIEF |

This matter comes before the Court on defendant's three pro se motions for post-conviction relief (CR12-62, Dkts. # 1643, 1644; C25-631, Dkt. # 1). Having considered the motions, the Government's consolidated response (CR12-62, Dkt. # 1653; C25-631, Dkt. # 7), defendant's letter (CR12-62, Dkt. # 1655), and the record contained herein, the Court DENIES the motions and finds as follows:

**I.    Background**

Defendant is a 38-year-old inmate who is serving out the remainder of his prison term in Mexico after having received a treaty transfer. CR12-62, Dkts. # 1627 at 2–3, 1635 at 3; *See also Inmate Locator*, www.bop.gov/inmateloc (accessed Aug. 27, 2025). On April 23, 2013, defendant pleaded guilty to five offenses: conspiracy to distribute controlled substances in

ORDER DENYING MOTION FOR
SENTENCE REDUCTION - 1

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; conspiracy to engage in money laundering in violation of 18 U.S.C. §§ 1956(h), (a)(1)(A)(i), (a)(1)(B)(i); conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951; conspiracy to possess firearms in furtherance of drug trafficking crimes and crimes of violence in violation of 18 U.S.C. § 924(o); and possession of firearms in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) and 2. CR12-62, Dkts. # 226, 850, 855.

On December 19, 2014, the Court sentenced defendant to a 180-month prison term and five years of supervised release. CR12-62, Dkt. # 1347. This sentence represented a downward variation from the maximum of a life term under the guidelines range. CR12-62, PSR ¶ 97. The sentence imposed by this Court was equivalent to the applicable mandatory minimums for all counts. CR12-62, Dkts. # 1348, 1635 at 3.

On April 20, 2023, defendant appeared before a U.S. Magistrate Judge in the Western District of Texas and consented to being transferred to the United Mexican States for execution of the penal sentence imposed by this Court. *In re Treaty Transfer*, 3:23-mc-126, Dkt. # 1, p. 16 (W.D. Tex. Apr. 20, 2023). The Magistrate Judge appointed counsel to represent defendant during the consent hearing. *Id*. at Dkt. # 2. At the hearing, defendant signed a "Verification of Consent" certifying that he understood and agreed that (1) "My conviction or sentence can only be modified or set aside through appropriate proceedings brought by me or on my behalf in the United States of America" and (2) "My sentence will be carried out according to the laws of the United Mexican States and that those laws are subject to change." *Id*. at Dkt. # 1, p. 16. Defendant was then transferred to Mexico and is currently imprisoned at the Federal Social

ORDER DENYING MOTION FOR
SENTENCE REDUCTION - 2

Readaptation Center in Guasave in Sinaloa, Mexico. CR12-62, Dkt. # 1653 at 3–4; C25-631, Dkt. # 7 at 3–4.

On December 13, 2024, this Court denied a pro se motion from defendant to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Part B to the Sentencing Guidelines. *See* CR12-62, Dkt. # 1637.

## II.     Discussion

Documents filed pro se are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The duty to liberally construe pro se pleadings applies "with special force to filings from pro se inmates." *United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020). In addition, pleadings "must be construed so as to do justice." Fed. R. Civ. P. 8(e). The Court therefore agrees with the Government that defendant's "Motion to Vacate, Set Aside, Or Correct Sentence" (C25-631, Dkt. # 1), which was filed under 28 U.S.C. § 2255, is best construed as (1) a request for retroactive sentence reduction pursuant to 18 U.S.C. § 3582(c)(1) and (2) a request for an order that a federal agency provide certain documentation to Mexican authorities. CR12-62, Dkt. # 1653 at 4 n.3; C25-631, Dkt. # 7 at 4 n.3. The Court also agrees with the Government that all three of defendant's motions center on the same issue: defendant's belief that Mexican authorities' calculation and execution of defendant's sentence has not taken into account good conduct time and First Step Act earned time credits (FSA credits) that defendant allegedly earned while imprisoned in the United States. CR12-62, Dkt. # 1653 at 1–2; C25-631, Dkt. # 7 at 1–2.

ORDER DENYING MOTION FOR
SENTENCE REDUCTION - 3

As an initial matter, defendant is statutorily barred from earning FSA credits because he pled guilty to possessing a firearm in furtherance of a drug trafficking offense. *See* CR12-62, Dkt. # 855 at 2. *See also* 18 U.S.C. § 3632(d)(4)(D)(xxii). Defendant nevertheless claims that "[m]y last Sentence Monitoring Computation Data as of 04/21/2023" showed that defendant is eligible for FSA credits. CR12-62, Dkt. # 1643 at 1. Defendant has not included a copy of this data for the Court's review. *Id*. Absent documentation to the contrary, the Court will rely on the record in this matter, which shows defendant is statutorily barred from earning FSA credits. *See* CR12-62, Dkt. # 855 at 2. *See also* 18 U.S.C. § 3632(d)(4)(D)(xxii).

More fundamentally, the Court lacks jurisdiction to consider defendant's argument about Mexican authorities' calculation and execution of his sentence in light of defendant's consent to the treaty transfer. *See United States v. Reyes Garcia*, No. CR16-0287JLR, 2024 WL 4144104, at *2 (W.D. Wash. Sept. 11, 2024). Defendant claims that Mexican authorities are "ignoring" his good conduct time and FSA credits because the original sentence computation data sent by the Bureau of Prisons was not translated into Spanish. CR12-62, Dkt. # 1644 at 3; C25-631, Dkt. # 1 at 4. Defendant is correct that under the relevant treaty, the transferring state (here, the United States) must translate into the language of the receiving state (here, Mexico) a "duly authenticated" statement showing the relevant offense and sentencing information, including "any credits to which the offender is entitled, such as, but not limited to, work done, good behavior, or pretrial confinement." Treaty Signed at Mexico Nov. 25, 1976, T.I.A.S. No. 8718 (Nov. 30, 1977), art. IV(7); CR12-62, Dkt. # 1644 at 2. However, the Government states that it has confirmed that a "translated and certified case summary and addendum" that included the

ORDER DENYING MOTION FOR
SENTENCE REDUCTION - 4

information required by the treaty (including the required information on "credits to which the offender is entitled") was sent to Mexican authorities in this case. Dkt. # 1653 at 6:26–7:8. Even if defendant were correct that relevant information was not translated into Spanish, the remedy under the treaty is for the receiving state (here, Mexico) to "request additional information." Treaty Signed at Mexico Nov. 25, 1976, T.I.A.S. No. 8718 (Nov. 30, 1977), art. IV(8). This Court may not intervene in any "challenge to the execution of [defendant's] sentence" because that type of challenge is "governed by the laws of Mexico." *United States v. Reyes Garcia*, No. CR16-0287JLR, 2024 WL 4144104, at *2 (W.D. Wash. Sept. 11, 2024). At the April 20, 2023 hearing before his treaty transfer, defendant acknowledged this in a signed "Verification of Consent" that stated: "My sentence will be carried out according to the laws of the United Mexican States." *In re Treaty Transfer*, 3:23-mc-126, Dkt. # 1, p. 16 (W.D. Tex. Apr. 20, 2023).

    As defendant also acknowledged at the April 20, 2023 hearing, this Court does have jurisdiction to consider modification of defendant's sentence. *Id*. *See also* Treaty Signed at Mexico Nov. 25, 1976, T.I.A.S. No. 8718 (Nov. 30, 1977), art. VI. As stated above, the Court agrees with the Government that defendant's "Motion to Vacate, Set Aside, Or Correct Sentence" (C25-631, Dkt. # 1), which was filed under 28 U.S.C. § 2255, is best construed as (1) a request for retroactive sentence reduction pursuant to 18 U.S.C. § 3582(c)(1) and (2) a request for an order that a federal agency provide certain documentation to Mexican authorities. CR12-62, Dkt. # 1653 at 4 n.3; C25-631, Dkt. # 7 at 4 n.3. However, defendant has not shown any "extraordinary and compelling reasons" that would allow this court to retroactively reduce his sentence. *See* 18 U.S.C. § 3582(c)(1); U.S.S.G. § 1B1.13(b); *United States v. Keller*, 2 F.4th

ORDER DENYING MOTION FOR
SENTENCE REDUCTION - 5

1278, 1284 (9th Cir. 2021). In addition, defendant has not offered any authority under which this Court could order the Bureau of Prisons to deliver translated documents to the Mexican government. CR12-62, Dkt. # 1644 at 3. Nor has defendant provided any evidence for his claim that the United States failed to translate documents in violation of the relevant treaty. CR12-62, Dkt. # 1644 at 3; C25-631, Dkt. # 1 at 4; Treaty Signed at Mexico Nov. 25, 1976, T.I.A.S. No. 8718 (Nov. 30, 1977), art. IV(7).

Therefore, the Court will deny all of defendant's motions.

### III.    Conclusion

For all the foregoing reasons, defendant's three pro se motions for post-conviction relief (CR12-62, Dkts. # 1643, 1644; C25-631, Dkt. # 1) are DENIED.

IT IS SO ORDERED.

DATED this 29th day of August, 2025.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
SENTENCE REDUCTION - 6